11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Terrell
Lee Jackman

Appellant

Vs.                   No.
11-03-00180-CR -- Appeal from Howard County

State
of Texas

Appellee

 

The jury convicted Terrell Lee Jackman
of murder and assessed his punishment at confinement for life in the
Institutional Division of the Texas Department of Criminal Justice.  The jury also made an affirmative finding
that appellant used a deadly weapon during the commission of the offense.  Appellant attacks his conviction in a single
issue.  We affirm.  

The grand jury indicted three individuals for the
murder of Lennon Everett Lane (the victim). 
In addition to appellant, his younger brother Michael Scott Jackman (Michael), and Pedro Castillo, Jr. were also
charged with murdering the victim.  The victim died as a result of a severe beating inflicted by
appellant, Michael, and Castillo.  The
victim was 16 years old at the time of his death.  Michael (15 years old) and Castillo (16 years
old) were also juveniles at the time of the murder. Michael and Castillo were
certified to be tried as adults for the commission of the offense.

Appellant, Michael, and Castillo were tried
together in the same trial. Each defendant entered a plea of Anot guilty@
at the commencement of trial.  Michael
subsequently changed his plea to Aguilty@ during the trial as a part of a plea
agreement he reached with the State. 
Under the terms of the plea agreement, Michael pleaded guilty to the
offense of aggravated assault for which he received a sentence of confinement
in the Institutional Division of the Texas Department of Criminal Justice for a
term of 8 years.  The jury also convicted
Castillo of murder and sentenced him to a term of confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of 22 years.[1]








During the early evening hours of Sunday, August
4, 2002, Castillo drank beer and watched television with his brother-in-law
Jimmy Johnson.  Johnson dropped Castillo
off at Tammy Silen=s
house sometime after 10:00 p.m. that night with several cans of beer which
Johnson had purchased that evening.  The
victim came over to Silen=s
house sometime after 11:00 p.m., and he and Castillo drank the beer and
listened to music.  Appellant and Michael
subsequently joined the victim and Castillo at Silen=s house.  At some point in the evening, a fist fight
broke out between the victim and Castillo. 
Castillo stated that the fight did not last very long and that the
victim lost the fight.[2]  The victim suffered a cut on his forehead and
a swollen eye as a result of this initial fight.

What happened after the initial fight between the
victim and Castillo was disputed by the three defendants.  Castillo stated that appellant instructed him
that the victim needed to be knocked out so that he would not remember the
initial fight.  As per Castillo=s version of the events, both he and
appellant hit and kicked the victim several times.  Castillo stated that appellant instigated the
ultimately fatal beating of the victim and that appellant hit the victim repeatedly
with a hammer.  Appellant testified that
Castillo was solely responsible for the fatal beating and that appellant tried
to save the victim from the beating but was unable to do so.  Michael testified that both appellant and
Castillo participated in the beating of the victim.[3]  The victim=s
severely beaten body was found in a field located near Silen=s house the next day.  His injuries consisted of a lower jaw
fracture, several broken ribs, and several skull fractures.  The medical examiner determined the cause of
death to be blunt force trauma to the head.

Appellant asserts in his sole issue that the trial
court erroneously charged the jury with respect  to the accomplice witness rule set out
in TEX. CODE CRIM. PRO. ANN. art.
38.14 (Vernon 1979). 
Article 38.14 provides:

A conviction cannot be had upon the testimony of
an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed; and the corroboration is not sufficient
if it merely shows the commission of the offense.

 








The trial court is under a duty to instruct the jury on the
accomplice witness rule if a prosecution witness is an accomplice.  Herron v. State, 86
S.W.3d 621, 631 (Tex.Cr.App.2002). 
An accomplice 
participates in an offense, before, during, or after its
commission, to the extent that he can be charged with the offense or with a
lesser included offense.  Herron v.
State, supra at 631.  A
prosecution witness who is indicted for the same offense with which the
defendant is charged is an accomplice as a matter of law. Herron v. State,
supra at 631. Accordingly, Michael and Castillo were accomplices as a
matter of law with respect to the charges brought against appellant.

The trial court included an accomplice witness
instruction in the court=s
charge pertaining to appellant=s
guilt/innocence which tracked Article 38.14.[4]  However, the instruction contained an error
with regard to the identity of the accomplices and the defendant:

The witnesses, [appellant] and MICHAEL SCOTT
JACKMAN are accomplices, if an offense was committed, and you cannot convict
the Defendant PEDRO CASTILLO, JR. upon the testimony of such accomplices unless
you first believe that their testimony or the testimony of either of them is
true and shows that the Defendant is guilty as charged, and then you cannot
convict the Defendant upon said testimony unless you further believe that there
is other testimony in the case, outside of the evidence of [appellant] or
MICHAEL SCOTT CASTILLO, JR. (sic) tending to connect the defendant with the
offense committed, if you find that an offense was committed, and the
corroboration is not sufficient if it merely shows the commission of the
offense, but it must also tend to connect the Defendant with its commission,
and then from all of the evidence you must believe beyond a reasonable doubt
that the Defendant is guilty of the offense charged against him.

 








The trial court=s
instruction in appellant=s
charge misidentified appellant as an accomplice and Castillo as the defendant.[5]  Accordingly, the charge submitted in
appellant=s case
did not expressly apply the accomplice witness rule to the testimony of Michael
and Castillo.  We presume that this
omission constituted error.[6]  Therefore, we must determine if this error
was harmful.

As noted by the Court of Criminal Appeals: 

The [accomplice witness] instruction does not say
that the jury should be skeptical of accomplice witness testimony.  Nor does it provide for the jury to give less
weight to such testimony than to other evidence.  The instruction merely informs the jury that
it cannot use the accomplice witness testimony unless there is also some non‑accomplice
evidence connecting the defendant to the offense.  Once it is determined that such non‑accomplice
evidence exists, the purpose of the instruction is fulfilled, and the
instruction plays no further role in the factfinder=s decision‑making.  Therefore, non‑accomplice evidence can
render harmless a failure to submit an accomplice witness instruction by
fulfilling the purpose an accomplice witness instruction is designed to serve.

 

Herron v. State, supra at 632.   In determining the strength of a particular
item of non‑accomplice evidence, we examine (1) its reliability or
believability and (2) the strength of its tendency to connect the defendant to
the crime.  Herron v. State, supra
at 632.

Appellant did not raise an objection to the
erroneous instruction in the trial court.  
This failure affects our harm analysis. 
Appellant must show egregious harm in order to obtain a reversal of his
conviction.  Herron
v. State, supra at 632; Almanza v. State,
686 S.W.2d 157, 171 (Tex.Cr. App.1985).  Under the egregious harm standard, the
omission of an accomplice witness instruction is generally harmless unless the
corroborating non‑accomplice evidence is Aso
unconvincing in fact as to render the State=s
overall case for conviction clearly and significantly less persuasive.@ 
Herron v. State, supra at 632; Saunders v.
State, 817 S.W.2d 688, 689 (Tex.Cr.App. 1991).








From appellant=s
perspective, the State presented a great deal of accomplice evidence through
the testimony and statements of Michael and Castillo.  However, several items of non-accomplice
testimony were also offered into evidence. 
Appellant established in his own testimony that he was present when the
crime was committed.  The State offered
evidence that blood consistent with the victim=s
blood was discovered on appellant=s
pants and shoes.  Castillo=s mother, Patsy Castillo, testified
that she overheard conversations between appellant, Michael, and Castillo on
the day after the beating took place. 
She testified that appellant expressed his desire to leave town and that
he stated that the victim=s
body should have been left in an oil field. 
She also testified that appellant told Michael and Castillo to claim
that they were in possession of appellant=s
pants and wallet.  Athea
Darrow testified that she had a conversation with
appellant after the altercation wherein he admitted hitting the victim during
the beating.

We do not find the non‑accomplice evidence
to be so unconvincing in fact as to render the State=s overall case for conviction clearly
and significantly less persuasive.  The
non-accomplice evidence sufficiently corroborated the accomplice evidence
because it served the purpose required by Article 38.14 to connect appellant
with the offense committed.  Appellant=s sole point of error is overruled.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

October 28, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











     [1]Castillo
has also appealed his conviction to our court. 
It is docketed as Cause No. 11-03-00181-CR.





     [2]Castillo
executed a lengthy written statement which the State offered into evidence.





     [3]Michael
admitted hitting the victim a few times in the face with his fist.





     [4]The
trial court submitted separate written charges to the jury for appellant and
Castillo at the conclusion of the guilt/innocence phase of the trial.





     [5]A
corresponding error is present in Castillo=s charge
in that it identified Castillo as an accomplice and appellant as the
defendant.  As noted above, appellant=s charge misnames Michael as AMichael Scott Castillo, Jr.@ in one instance. 
This misidentification occurred at the page break between the second and
third pages of appellant=s charge.  A
corresponding misidentification occurs at the page break between the second and
third pages of Castillo=s charge wherein it misnames Castillo as APedro Jackman.@  Ap-parently, the respective Asecond@ pages of the court=s charges
were erroneously included in the wrong charge when the two charges were
assembled.





     [6]As
a result of the erroneous assembly of the two charges, the trial court actually
submitted an accomplice witness rule instruction which applied the rule to the
testimony of Michael and Castillo when considering the evidence of appellant=s guilt/innocence. 
However, this instruction was included in Castillo=s charge.